**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MERIDIAN SECURITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ADAM FLICK and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendants. | : | 4:14-cv-1532<br><br>Hon. John E. Jones III |

**MEMORANDUM**

**May 26, 2015**

This is a declaratory judgment action involving dueling interpretations of two automobile insurance policies. The matter is presently before the Court on cross motions for summary judgment. (Docs. 19, 20).

## I. BACKGROUND

### A. The Accident

On June 29, 2013, Adam Flick was operating a vehicle owned by the McVickers, and Brooke McVicker was in the passenger seat. The vehicle was covered by an insurance policy issued to William McVicker Jr. by Meridian

Security Insurance Company ("Meridian").[1] Flick was driving southbound on Raystown Road in Penn Township, Pennsylvania, when he collided with a PT Cruiser occupied by Judy Harshbarger, Blaze Bailets, and Mikayla Campbell (the "Harshbarger claimants"). He also hit a truck operated by Nathan Shaw. The Harshbarger claimants and Brooke McVicker suffered bodily injuries as a result of the accident.

At the time, Flick was insured under a liability policy issued by State Farm Automobile Insurance Company ("State Farm") to Amy Boyer, Flick's mother with whom he resided.

The Harshbarger claimants demanded indemnification for bodily injury from Flick.

In a letter dated December 23, 2013, State Farm advised Flick that there was a question as to whether State Farm was obligated to pay, indemnify, defend, or otherwise perform under the policy based on Flick's alleged failure to cooperate in the investigation of the accident. (Doc. 20-10, p. 2). The letter stated that any further actions on the part of State Farm would not waive any of the terms or conditions of the insurance policy or Flick's rights under the policy. (*Id.*). In

[1] The Complaint and various of the memoranda refer to Plaintiff as "State Auto." However, the parties have stipulated that any such reference should be taken to refer to Meridian. (Doc. 23).

addition, the letter specified that State Farm did "not intend, by this letter, to waive any policy defense in addition to those stated above, but specifically reserves its right to assert such additional policy defenses at any time." (*Id.*).

On March 20, 2014, Brooke McVicker filed a negligence action against Flick in the Court of Common of Blair County, requesting compensatory and punitive damages.[2]

Soon after the commencement of the state suit, on March 25, 2014, State Farm sent a letter to Flick withdrawing its reservation of rights pertaining to the cooperation issue and advising that it would "extend coverage without reservation for all exposures." (Doc. 19-1, p. 116). The correspondence also clarified that State Farm did "not intend, by this letter, to waive any of the policy defenses of which you were previously advised" and that State Farm "specifically reserve[d its] right to assert such additional policy defenses at any time." (*Id.*).

Meridian sent Flick a letter dated June 23, 2014, confirming that it would provide excess liability coverage over any other collectible insurance. (Doc. 19-4, pp. 1-3). Therein, Meridian stated its position that State Farm should be considered the first tier of coverage for Flick, or that State Farm must contribute in equal shares for Flick's defense and indemnity up to the limits of the State Farm

---

[2] The case is docketed as *McVicker v. Flick*, 2014-GN-803.

policy.

On June 25, 2014, State Farm informed Meridian of its position that the Meridian policy is primary and the State Farm policy is excess. (Doc. 20-13, p. 2).

**B. The Policies**

The relevant Meridian insurance policy issued to William McVicker Jr. was a 12-month policy and had an effective date of October 27, 2012. (Doc. 20-5, pp. 7, 22). The policy provided for a bodily injury liability limit of $500,000 per person/per accident. (*Id.* at p. 22). The parties agree that Flick was an "insured" as defined by the policy, as a driver using a "covered auto." (*Id.* at pp. 27-28). Pertinently, the policy contained an "other insurance" clause, which reads as follows:

> If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance. Any insurance we provide for use of "your covered auto" by any person other than "you" will be excess over any other collectible insurance, self-insurance or bond.

(*Id.* at p. 44).

The State Farm insurance policy in effect on June 29, 2013, was issued to

Amy Boyer, Flick's mother.[3] The policy provided for liability coverage limits in the amount of $100,000 per person/$300,000 per accident. (Doc. 20-9, p. 3). It is undisputed that Flick was insured under the policy as a "resident relative" of Ms. Boyer and the driver of a covered "non-owned car." (*Id.* at p. 7). The policy contained the following relevant provision:

> **If Other Liability Coverage Applies**
>
> ***
>
> 2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of *your car* or a *trailer* attached to it.
>
> a. If:
> (1) this is the only Car Policy issued to *you* and any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as primary coverage; and
> (2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,
> then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as primary coverage.
>
> b. If:
> (1) more than one Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* provides

[3] The policy that has been made part of the record shows a policy period of July 10, 2012, through September 2, 2012. (Doc. 20-9, p. 3). However, a State Farm agent has certified that the same policy was in effect at the time of the accident on June 29, 2013. (*Id.* at p. 2).

Liability Coverage which applies to the accident as primary coverage; and
(2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,
then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:
(1) this is the only Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as excess coverage; and
(2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,
then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:
(1) more than one Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Liability Coverage which applies to the accident as excess coverage; and
(2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,
then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount

> that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

(*Id.* at p. 10 (emphasis in original)).

## II. PROCEDURAL HISTORY

Meridian filed this action on August 5, 2014. (Doc. 1). In Count I of the Complaint, it requests declarations that State Farm waived its right to provide only excess coverage to Flick, that the coverage provided by State Farm is primary, and that Meridian is not required to defend and/or indemnify Flick for any judgment against him stemming from the accident unless and until coverage under the State Farm policy is exhausted. (*Id.* at p. 8). In Count II, as an alternative to its waiver argument, Meridian seeks declarations that the two insurance policies' respective excess clauses are not mutually repugnant, that State Farm occupies the first tier of coverage for Flick, and that Meridian is not required to defend and/or indemnify Flick for any judgment against him originating from the accident unless and until coverage under the State Farm policy is exhausted. (*Id.* at p. 9). Lastly, in Count III, Meridian sets forth a third alternative, requesting that, if the Court determines the excess clauses to be mutually repugnant, a declaration should be entered directing that State Farm and Meridian owe coverage on an equal shares basis. (*Id.* at p. 10).

State Farm and Flick (collectively, Defendants) filed an Answer and Affirmative Defenses on September 30, 2014. (Doc. 10). They seek declarations that the coverage by Meridian is primary with regards to Flick, that Meridian occupies the first tier of coverage, that the State Farm policy is excess to the Meridian policy, and that State Farm is not required to defend and/or indemnify Flick for any judgment until the coverage afforded under the Meridian policy has been exhausted. (*Id.* at pp. 3-5).

The parties thereafter filed cross-motions for summary judgment, with Defendants filing their motion on December 26, 2014 (Doc. 19), and Meridian filing its motion on January 2, 2015 (Doc. 20). The parties filed memoranda in support and in opposition (Docs. 19, 21, 22, 24) and advised of their agreement that reply briefs were unnecessary and would not be submitted (Doc. 26).

## III. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the governing law. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162,

172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial. *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1).

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)). Still, "the mere existence of

*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

## IV. DISCUSSION

We rely on well settled principles of contract interpretation in examining insurance policy provisions. *See Madison Const. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999). "The polestar of our inquiry . . . is the language of the insurance policy," and where the language is clear and unambiguous, we must give effect to it. *Id.*; *see also Harleysville Ins. Cos. v. Aetna Cas. & Sur. Ins. Co.*, 795 A.2d 383, 386-87 (Pa. 2002).

Meridian lodges three ostensibly alternative arguments. First, it argues that State Farm's coverage should be exhausted before Meridian's policy is reached as excess coverage. Meridian asserts that its "other insurance" clause provides that it is excess "over any other collectible insurance" while State Farm's coverage provides that it is excess only "if other liability coverage applies." Second, Meridian asserts that State Farm has waived its right to rely on its "other insurance" provision and provide coverage as excess only. Third, Meridian poses that, if the Court should find that the two "other insurance" provisions are

irreconcilable, both insurance carriers should provide coverage on an equal shares basis.

Defendants argue that the Meridian policy occupies the first tier of coverage while the State Farm policy occupies the second tier, providing only excess coverage. State Farm notes that Meridian's "other insurance" provision contemplates proportional payment where there is "other applicable insurance," and asserts that, accordingly, Meridian has "conceded that it is not 'excess coverage[.]'" (Doc. 19, p. 16). As additional support, State Farm observes that other Pennsylvania cases have ultimately held that the insurance attached to the involved vehicle – rather than the permissive driver – should be exhausted first. It also cites the provision of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") pertaining to priority of recovery in accidents involving uninsured and underinsured motorists. *See* 75 Pa.C.S. § 1733.

We appropriately begin our analysis by examining the plain language of the policies, noting as we do that the parties do not dispute that Flick was insured by both insurance companies; rather, the dispute is confined solely to the priority of coverage. We find that the Meridian policy's excess clause applies here, because Flick was driving a vehicle covered by the McVicker policy and was not a named insured. Meridian's excess clause relevantly states that "[a]ny insurance we

provide for use of 'your covered auto' by any person other than 'you' will be excess over any other collectible insurance." (Doc. 20-5, p. 44). State Farm's "other liability coverage" provision also contains an excess clause applicable here, because Flick was driving a vehicle not insured under his mother's policy. The State Farm policy states that coverage "applies as excess coverage" except where "[t]he Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of your car . . .." (Doc. 20-9, p. 10) (emphasis omitted).[4]

Having determined that both "other insurance" clauses are excess clauses and activated here, we next must decide whether the provisions are reconcilable or mutually exclusive. Policy provisions are reconcilable where a court can give effect to both provisions at once. *See Am. Cas. Co. of Reading, Pa. v. PHICO Ins. Co.*, 702 A.2d 1050, 1054 (Pa. 1997). Conversely, such clauses are mutually repugnant where "by following the express dictates of one policy, we would be in direct conflict with the dictates of the other." *Id.* In the latter instance, we must

---

[4] As recounted *supra*, specifically, the excess provision states "if this is the only Car Policy issued to you or any resident relative by the State Farm Companies that provides Liability Coverage which applies to the accident as excess coverage; and . . . liability coverage provided by one or more sources other than the State Farm Companies also applies as excess coverage for the same accident, then we will pay the proportion of damages payable as excess that our applicable limit bears to the sum of our applicable limit and the limits of all other liability coverage that apply as excess coverage." (*Id.* (emphasis omitted)).

disregard the excess clauses, deeming them as stricken, and order the insurers to share the loss. *See Allstate Ins. Co. v. Tokio Marine & Nichido Fire Ins. Co., Ltd.*, 464 F. Supp. 2d 452, 463 (E.D. Pa. 2006). Pennsylvania courts apportion the loss using the equal shares approach, under which "each insurer match[es] dollar for dollar payments up to the limits of the lower policy, . . . with any remaining portion of the loss being paid from the larger policy up to its limits." *Am. Cas. Co.*, 702 A.2d at 1053; *Hoffmaster v. Harleysville Ins. Co.*, 657 A.2d 1274, 1277 (Pa. Super. 1995). *See generally* 14A SUMM. PA. JUR. 2d Insurance § 23:5 (2d ed.).

Both parties centrally cite *Harleysville Insurance Companies v. Aetna Casualty and Surety Insurance Company*, 795 A.2d 383 (Pa. 2002), in arguing that the two insurance policy provisions may be given effect. *Harleysville* involved an automobile accident where three liability policies were in play. *See id.* at 384. One of the insurers tendered its policy limits. *See id.* The other two insurers, Harleysville and Aetna, disputed the priority of coverage between their respective policies. *See id.* at 385. The "other insurance" clause in the Harleysville policy relevantly stated that "[t]he insurance afforded by this policy shall be excess insurance over any valid and collectible primary insurance[.]" *Id.* The "other insurance" clause in the Aetna policy stated that its pertinent coverage "shall be excess over any other collectible insurance." *Id.* The Pennsylvania Supreme Court

found that the two provisions in issue were compatible and could be simultaneously effectuated, holding that the limits of the Harleysville policy must be exhausted before the Aetna policy was triggered. *See id.* at 387. The Court reasoned that the Harlesyville policy specifically made its coverage excess to "collectible primary insurance," while the Aetna policy more broadly sought to provide excess insurance over "any other collectible insurance," specifically noting that the Aetna policy did not provide primary coverage. *Id.*

*Harleysville* is not directly on point. Here, the "other insurance" clauses in issue both purport to apply as excess coverage without defining that such coverage is excess, *e.g.*, over primary insurance coverage. Unlike in *Harleysville*, we cannot say that one policy has priority of coverage over the other. That Meridian's policy specifies that it is "excess over any other *collectible* insurance" does not cure the problem, as State Farm's policy clarifies that it is only collectible as excess.[5]

Plainly stated, the two "other insurance" provisions in issue purport to provide the same type and scope of coverage and, and we cannot give effect to both policies at the same time. Put another way, "[i]f literal effect were given to

[5] *Accord State Farm Mut. Auto. Ins. Co. v. Bogart*, 717 P.2d 449, 454 (Ariz. 1986) (*en banc*) (remarking that "the problem of circularity is especially applicable to cases, such as the one before us, in which there actually is no primary insurance coverage at all" and that "the clauses here chase each other through infinity"), *superseded by statute on other grounds as stated in Consol. Enterprises, Inc. v. Schwindt*, 833 P.2d 706 (Ariz. 1992).

both ‘excess insurance’ clauses of the applicable policies, neither policy would cover the loss and such a result would produce an unintended absurdity.” *Hoffmaster*, 657 A.2d at 1277 (citation and internal quotation marks omitted). Accordingly, we find the clauses irreconcilable and mutually repugnant.

State Farm’s argument is unavailing that Pennsylvania courts often hold that the coverage of the involved vehicle must be exhausted before the coverage of the permissive driver is reached. This is a red herring and a secondary consequence that does not drive our analysis. The Pennsylvania Supreme Court has clearly directed that the language of the insurance policies is the touchstone of our inquiry, not which liability policy belongs to which actor. *See Harlesyville*, 795 A.2d at 387. Similarly, citation to the MVFRL, 75 Pa.C.S. § 1733, does not aid State Farm, since that provision applies exclusively to uninsured and underinsured motorist coverage, which is not in issue here.

In addition, we reject Meridian’s position that State Farm has waived its right to rely on its excess clause. Such contention was based on State Farm’s statement that it would “extend coverage without reservation for all exposures” upon withdrawing its reservation of rights pertaining to the cooperation issue. (Doc. 20-11, p. 2). In the same missive, State Farm also clarified that it was not waiving any of the policy defenses of which Flick had been previously advised,

and Meridian highlights that State Farm never previously advised Flick of its "right" to provide coverage as excess only. (Doc. 21, p. 11). It would strain credulity to interpret State Farm's letter extending coverage as overriding the plain terms of the State Farm insurance policy, which explicitly defines that coverage applies as excess in certain circumstances relevant here.[6]

Having found the "other insurance" provisions mutually repugnant, we follow the plain pronouncement of the Pennsylvania Supreme Court and direct that Meridian and State Farm owe liability coverage on an equal shares basis as described in *American Casualty Company of Reading, Pa. v. PHICO Insurance Company*, 702 A.2d 1050 (Pa. 1997).

## V. CONCLUSION

For the reasons herein stated, we grant Meridian's Motion for Summary Judgment only insofar as it seeks a declaration that the relevant excess clauses are mutually exclusive and that the insurers owe coverage on an equal shares basis; in all other respects we deny Meridian's Motion. State Farm's Motion for Summary Judgment is denied in its entirety.

An appropriate Order shall issue.

---

[6] Further, from a policy perspective, the Court would be loath to find that an insurer had waived its right to rely on the clear terms of its insurance policy by providing a defense to an insured.